UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

STEPHEN P. KELLY,
General Delivery,
U.S. Post Office,
Harlan, Iowa 51537,
 Plaintiff,

CIVIL RIGTS
action under
42 U.S.C. § 1983.

vs.

SOUTHWEST IOWA TRANSPORTATION
ENTITY; a state governmental
transportation agency, TERRY
MUSICH; in his official capacity,
and MARK LANDER; in his
official capacity, 1501 S.W. 7th
Street., Atlantic, Iowa 50022.
Jointly, Defendant(s).

(1)

CIVIL COMPLAINT

Comes now the plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, STEPHEN P. KELLY, hereinafter plaintiff KELLY, and sues the defendant's, jointly, SOUTHWEST IOWA TRANSPORTATION ENTITY; a state governmental transportation agency, TERRY MUSICH; in his official capacity, and MARK LANDER; in his official capacity, alleging:

(A) unlawful disclosure of privacy information; (B) unlawful detaining of a passenger; (C) failure of oversight per supervisory personnel; (d) false, and fraudulent incident report; (e) a corrupt turn and twist of true and actual material facts; (f) safety liability; and (g) a conspiratorial predicate act!

(2)

## PARTIES

(2) Plaintiff, STEPHEN P. KELLY, is a former customer, and passenger of state governmental defendant's, the SOUTHWEST IOWA TRANSPORTATION ENTITY, and was unlawfully detained by defendant's, official commercial bus driver, (Terry MUSICH), in sole cause of a personal, and non-business related financial transaction, solely between Mr. MUSICH, and KELLY!

(3) State entity defendant's, SOUTHWEST IOWA TRANSPORTATION ENTITY, is in fact a federal (D.O.T.), certified and licensed transportation bus service at which serves a large numeration of riders widespread throughout the region of Southwest Iowa, and is charged by statute state, and federal, in which to comply with, and to enforce all federal mandated safety provisions required per each official commercial driver!!!

(3)

(4) Natural defendant, TERRY MUSICH, acts in his official capacity as a D.O.T. certified commercial transportation driver, employed with the Southwest Iowa transportation entity, and is liable under 42 U.S.C. § 1983, for the violation of civil rights!! He in fact obtains a severe psychiatric disorder, and imposes a severe safety risk upon all passengers!!

(5) Natural defendant, MARK LANDER, acts in his official capacity as an official supervisor with the Southwest Iowa transport- -ation entity, and obtains clear oversight of defendant, Terry Musich, and is liable under 42 U.S.C. § 1983, for the violation of civil rights!!

NATURE OF THE CASE

(6) This concise case is predicated on the violation of civil rights pursuant to 42 U.S.C. § 1983!!

(4)

(7) A severe conspiratorial predicate act exists where a party at supervisory capacity has engaged into a corrupt turn and twist, and a corrupt cover up of true and actual material facts!

(8) An act of detaining a party unlawfully without the authority of law enforcement rises here!

## JURISDICTION AND VENUE

(9) This federal court obtains subject matter jurisdiction over this case pursuant to 42 U.S.C. § 1983.

(10) Defendant's are in fact a State governmental entity, and acts under public policy!

(11) Plaintiff STEPHEN P. KELLY, is a citizen and resident of the State of Iowa, and has resided in Iowa at all times material to this action.

(5)

(12) State entity defendant's, SOUTHWEST IOWA TRANSPORTATION ENTITY, obtains its principal place of business solely in the State of Iowa, and has been based in Iowa at all times material to this action.

(13) Natural defendant, TERRY MUSICH, is a resident of the State of Iowa, and has resided in Iowa at all times material to this action.

(14) Natural defendant, MARK LANDER, is a resident of the State of Iowa, and has resided in Iowa at all times material to this action.

(15) The financial amount in dispute is in excess of: $75,000.

(16) Venue is proper in the Southern District of Iowa, because each event giving rise to this action accrued in the Southern District of Iowa. 28 U.S.C. § 1391.

(6)

## STATEMENT OF FACTS

(17) On the concise date of March, 1st, 2023, Plaintiff KELLY, in fact boarded a transit bus under the primary authority, and governance of the Southwest Iowa transportation entity based in Atlantic Iowa!

(18) KELLY, boarded the bus without speaking with the official on duty driver, defendant, TERRY MUSICH, however, upon KELLY, in fact attempting to depart the bus, defendant, MUSICH, most unlawfully detained KELLY, from his freedom in which to promptly exit the bus, where defendant MUSICH, refused to promptly open the bus door, in result of his claim that KELLY, owed MUSICH, funds sufficing a financial Loan, which is clearly against the policy of Southwest Iowa transportation entity!! Note, The Southwest Iowa transportation entity, as a state corporation is clearly not licensed as an official financial Loan service!!!

(7)

(19) This specific loan at the hands of defendant, MUSICH, was in fact a corrupt avenue in which for MUSICH, to charge KELLY, an excessive financial amount of interest!!

(20) Prior to defendant, MUSICH, opening the bus door sufficing KELLY'S much delayed departure, defendant MUSICH, engaged into yelling out loud at KELLY, as to re-paying him for the financial loan!!

(21) KELLY, far prior to being released from the bus by a non authorized party in which to detain a bus passenger, such as a trained and cloth with authority law enforcement personnel, had habitually demanded to defendant, MUSICH, to promptly open the bus door in which for KELLY, to depart without further delay!! civil injury upon KELLY, here resulted where solely due to the unlawful detaining of KELLY, at the hands of a trusted public

(8)

bus service driver, KELLY, now clearly in result of defendant's most unlawful misconduct, has suffered a medical diagnosis of severe post traumatic stress disorder, caused and brought upon solely at the hands of defendant, MUSICH, and further condoned and ratified by supervisory personnel, (Mark Lander)!

(22) Plaintiff KELLY, promptly entered a telephone report into the Southwest Iowa transportation entity, however, was most schoked upon such time at which supervisor- Mark Lander, refused to even so much as to listen to KELLY'S report of the entire events, where here defendant, Lander engaged into a corrupt avenue in which to cover up, and a corrupt turn and twist of the actual true material facts of this specific incident!!!

(23) defendant, Mark Lander, abused his supervisory capacity, where he initially falsely asserted that KELLY, had based frivolous information as to the events upon the bus, and Lander in fact mocked KELLY, and attempted to construe a false and malicious incident report, by a severe manipulation of KELLY'S true and actual quotes in a corrupt cover up of this specific incident!!

From the very commencing of KELLY'S, detailed report addressed to defendant, Lander, he/Lander, refused to even so much as to listen to KELLY, refusing to gain a quality understanding of the severe factual premises that his bus driver, here defendant, Musich, was in fact under the influence of a very high dose of psychiatric medic--ations prescribed per a mental health provider within the confines of the Harlan Myrtue psychiatric treatment center!!!

(10)

(24) most severe, and in a clear public safety risk of young school children from the Harlan school district, defendant, Lander with clear knowing did in fact refuse to take note, and to act upon the material fact that his commercial driver was upon a continuous pattern under the influence of a very high dose of psychiatric natured medications, including KELLY'S clear report to Lander, that this commercial bus driver often engaged into an outrage of anger, during such time at which he were operating the bus, and each day yelling at the specific school children, here imposing a severe safety risk, and Liability!!

(25) Defendant, Mark Lander, engaged into a severe conspiratorial predicate act upon such time at which he jointly, and together, conspired with two bus dispacher's, (cindy), and dispacher (Tracy), the corrupt acts ratified by both parties, in a corrupt and dishonest turn and twist of the true and actual material

(11)

facts of all articulated events above!!! Defendant, Lander, modified, and right out (Lied), within the confines of a written incident report!

(26) Unlawful disclosure of client/passenger privacy exists upon two aspects, both unlawful disclosures engaged into at the hands of defendant, Terry Musich, where defendant, Musich, unlawfully, and without privilege or consent per KELLY, advised the Harlan Monogram plant that KELLY, was in fact a customer, and rider of his official bus, and a customer of the Southwest Iowa transportation entity!!

(27) Defendant, Musich, in addition to the above privacy violation, most unlawfully disclosed to the Harlan hotel owner the concise location and physical address of KELLY'S private residence in Harlan!

(12)

## INJURY

(28) Plaintiff KELLY, in sole result of defendant's misconduct, has in fact suffered a severe case of post traumatic stress disorder, and will in fact provide a written medical diagnosis upon such stage of the discovery and disclosure process, prior to a civil jury trial process!

(29) As to being unlawfully detained by a mere bus driver, KELLY, has in fact suffered, and continues to suffer excessive fear of ever boarding a commer--cial bus system again in his entire lifetime!!

## CLAIM ONE

(30) Defendant, a sole bus operator obtained no such authority in which to refuse to open a bus door promptly and to most unlawfully detain a passenger, KELLY!

(13)

## CLAIM TWO

(31) Defendant, a mere bus operator unlawfully disclosed plaintiff's private matter's, and disclosed plaintiff's private residential address to non-authorized partie's without privilege or consent per KELLY!

## CLAIM THREE

(32) Defendant, a trusted supervisory personnel, ensued into a severe conspiratorial predicate act, in a corrupt turn and twist of the true and actual material facts of such event's!!

## RELIEF

WHEREFORE, upon the premises considered, it is most respectfully requested by plaintiff for the entry of a civil judgment as follows:

(14)

(A) Find this civil complaint plausible upon its face!

(B) Find that a cognizable legal theory has been asserted by plaintiff, where this Honorable court can in fact draw a reasonable inference that the misconduct alleged holds defendant's liable!

(C) A civil jury trial is so requested.

(D) Award plaintiff, with actual damage awards in a financial amount of one million dollars!

(E) Award plaintiff, with punitive damage awards in a financial amount of single digits, and or an amount as deemed proper by this Honorable court.

I Declare under penalty of perjury the foregoing to be true and correct.

Signed this 8th day of March, 2023.

_____
(SIGNATURE OF PLAINTIFF)

(16)

Stephen F. Kelly
General Delivery
U.S. Post Office
Harlan, Iowa 51537

  

U.S. POSTAGE PAID
FCM LG ENV
HARLAN, IA
51537
MAR 08, 23
AMOUNT
$1.74
RDC 23    51501    R2304W120346-11

TO: Clerk, United States Dist. Court,
Federal Courthouse,
2146 27th Ave. Rm. #100.
Council Bluffs, Iowa 51501

**RECEIVED**

MAR 14 2023

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA